Barclay & others *v*. Phelps.

---

### GEORGE BARCLAY & others *vs*. GEORGE H. PHELPS
### JONATHAN GOODHUE & others *vs*. THE SAME.

When the property of one, who has been a member of a partnership that is dissolved is assigned under *St.* 1838, *c.* 163, the creditors of such partnership are entitled to prove their claims against him, and an account is to be kept, distinguishing between his separate and joint debts, which are so proved.

APPEALS from decisions of the judge of probate rejecting the claims of the appellants, respectively, against George H. Phelps, an insolvent debtor, under *St.* 1838, *c.* 163.

On the 18th of November 1840, Matthew D. Field made three promissory notes, each payable to the order of Phelps & Hill, which were indorsed by them to the appellants, Barclay & others. On the 16th of February 1841, said Field made another note, payable to the order of Phelps & Hill, which they indorsed to the appellants, Goodhue & others. All these notes were given for the proper debts of said Field, and were indorsed by Phelps & Hill as his sureties. At the time they were given and indorsed, Phelps & Hill were partners in business ; the firm consisting of said George H. Phelps, the appellee, and William H. Hill.

Before November 1839, said Phelps had been in partnership with said Matthew D. Field, but that partnership was dissolved in that month. Said Phelps & Hill were partners in business from the year 1837 to April 1st 1840, when their partnership was dissolved.

On the 15th of June 1841, said Phelps petitioned the judge of probate for the benefit of *St.* 1838, *c.* 163, and the judge, on the same day, issued his warrant to a messenger, under the statute. An assignee was chosen at the first meeting of the creditors, on the 12th of July 1841, and the property of said Phelps was assigned to him by the judge. The warrant aforesaid was issued against the private property of Phelps, and no partnership property, of either of the firms of which he had been a member, was taken by the messenger or assigned by the judge.

At a second meeting of the creditors, on the 9th of July 1841, said Phelps took and subscribed the oath prescribed by said statute, and the said judge gave him a certificate of discharge. At a third meeting of the creditors, on the 2d of September 1841, the judge received proof of several creditors' debts, and the appellants, respectively, presented their notes aforesaid for allowance ; but the judge rejected them. The assignee stated his account, and the judge ordered a dividend to be paid to the creditors whose claims had been allowed at that and the two former meetings. There was no proof that there was, on said 15th of June 1841, any existing property of the firm of Phelps & Field ; but there was proof that there was, on

that day, property which belonged to Phelps & Hill. On the 5th of August 1841, personal property was attached as theirs, in a suit against them which is still pending. On the 2d of August 1841, said Phelps & Hill assigned to William A. Phelps and Robert Worthington, notes, accounts and other property of their partnership, to the amount of several thousand dollars, in trust to pay all debts payable by them, which were contracted for their benefit, and in the course of their business ; to pay all notes and bills given by them or due to any bank, which were made or drawn for the benefit of said Phelps & Hill, as partners, upon which said William A. and Robert were parties ; and after such payments, to pay any surplus to said Phelps & Hill. No creditors became parties to said assignment ; but said William A. and Robert accepted the same.

*Byington*, for the appellants.

*G. J. Tucker*, for other creditors of Phelps.

SHAW, C. J. The facts, briefly stated, are these : Phelps, the insolvent, had been a member of the firm of Phelps & Hill, and during the existence of that partnership, they had indorsed four notes of Field, for his accommodation, which were received by the appellants, respectively, and which they claimed a right to prove, under this proceeding, as a debt due from Phelps. Can they be so proved ?

There is no question made that these notes constitute a valid claim against Phelps & Hill, whose partnership was dissolved before Phelps applied for the benefit of the insolvent act. We must presume, that though indorsed by Phelps & Hill for the accommodation of Field, yet that they were taken in due course of business by the appellants ; that they were dishonored on due presentment to the promisor, and that seasonable notice thereof was given to the indorsers.

The court are of opinion that these notes ought to have been admitted to proof, and a separate account kept of such debts as the insolvent owed alone, and of such debts as he owed jointly with Hill, as a member of the firm of Phelps & Hill, or with Field, as a member of the firm of Phelps & Field. A separate account of all funds, if any, which the assignee may receive of either of these firms, should be also kept.

It is quite a different question, whether the creditors of Phelps & Hill, or Phelps & Field, can come into competition with the separate creditors of Phelps, in a dividend of the separate property of Phelps. But after the separate creditors are fully paid, there may be a surplus; and to that surplus the joint creditors would be entitled, before any claim could be made by Phelps himself, the debtor. This is a sufficient reason why the appel lants should be allowed to prove their claims. The case is within the reason, if not within the letter, of the provisions of the insolvent law, where the insolvent is in partnership. *St.* 1838, *c.* 163, § 21. The only difference is, that the statute applies literally to a case where the insolvent is in partnership, at the time of his becoming insolvent. There the operation of the insolvent proceedings extends to the partnership dealings, and binds the partnership property. But where the partnership is dissolved, the provisions of the statute cannot apply to the partnership literally; but so far as the rules of proceeding are applicable, they may properly be applied to analogous cases. This rule is strengthened by the consideration, that if this, which is an acknowledged debt of Phelps, could not be proved under this commission, the claimants would lose all claim resting upon the separate property or separate responsibility of Phelps; inasmuch as the discharge extends to all his debts, joint as well as several, with a saving clause, not discharging the responsibility of any partner or joint debtor. *St.* 1838, *c.* 163, § 7.

It is therefore ordered, that a certificate be sent to the judge of probate, requiring him to admit the appellants to prove any debt due to them by the said Phelps, jointly with the said Hill; that a separate account be kept, distinguishing the separate debts of said Phelps, from such joint debts, if any are proved; and that the proceedings, with such certificate, be remitted to the judge of probate for further proceedings.